THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MORRIS KORN, Appellant.

People *v.* Korn, 103 App. Div. 596, affirmed.
(Argued April 24, 1905; decided May 30, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 24, 1905, which affirmed a judgment of the Court of General Sessions of the county of New York, rendered upon a verdict convicting the defendant of a violation of the Liquor Tax Law.

*Benjamin F. Spellman* for appellant.

*William Travers Jerome, District Attorney (Edward Sandford* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: GRAY, BARTLETT, HAIGHT, VANN and WERNER, JJ. Dissenting: CULLEN, Ch. J., and O'BRIEN, J.

---

**Supreme Court, New York Special Term. Reported. N. Y. L. J., June 13, 1905.**

PATRICK W. CULLINAN, as State Commissioner of Excise, *v.* ELLIOTT D. PAXSON, et al.

GREENBAUM, J.: It does not appear that the alleged newly discovered evidence could not, by the exercise of reasonable dili-

gence, have been obtained upon the trial of this action. As matter of fact, plaintiff affirmatively submitted proof upon the trial of chemical analyses that the liquor sold was to all practical intents an alcoholic beverage, the percentage of ingredients other than those found in most whiskies being infinitesimal, and the defendant contended it was a question for the jury to determine whether or not the article sold was in fact a medicinal remedy. Then, too, the affidavits giving the analyses of the several chemists as to the ingredients of Duffy's Malt Whiskey have slight probative value, because of their omission to state the percentage of the alleged ingredients that tend to transmute the character of the article from an alcoholic beverage to a medicinal compound, *bona fide*. But even assuming that upon another trial it might be established that Duffy's Malt Whiskey is really not substantially like the whiskies usually sold as beverages, but is a genuine medicinal production, the motion for a new trial must nevertheless be denied for the other expressed reasons.